**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CLINT PHILLIPS, III,                    )
                                        )
    *Plaintiff,*                     )
                                        )
    v.                              )          No. 4:25-cv-01758-JMD
                                        )
UNITED STATES,                          )
                                        )
    *Defendant.*                     )

## MEMORANDUM AND ORDER

Plaintiff Clint Phillips, III, a frequent *pro se* and *in forma pauperis* litigator in this Court, has filed a Complaint against the United States, ECF 1, an Application for leave to proceed *in forma pauperis*, ECF 2, and a Motion requesting leave to pay the filing fee "in partial payments," ECF 6. The Court has reviewed Plaintiff's Application and finds that he is unable to afford the $405 filing fee. The Court will therefore grant Plaintiff leave to proceed *in forma pauperis*. The Court has reviewed Plaintiff's Motion requesting leave to pay the filing fee over time, and finds no basis to grant the requested relief. The Court will therefore deny the Motion. Finally, having reviewed Plaintiff's Complaint, the Court will dismiss this case and deny Plaintiff's remaining Motions, ECF 3 and 5, as moot.

### Background

Plaintiff states he brings various tort claims against the United States, including false arrest, false imprisonment, malicious prosecution, libel, slander, tortious interference with a contract, and "a continuum of impersonation, sub[o]rnation of perjury and multiple 4th and 14th Amd violations." ECF 1 at 3. In support, Plaintiff asserts factual allegations that do not appear to be grounded in reality. For example, Plaintiff alleges that he and "others are being impersonated by multiple imposters" at government facilities and military bases through the use

of fraudulent identifications.  *Id.* at 5.  Plaintiff alleges that "Tangos" accessed a military base through veterans' wives "who are being extorted and sextorted by clubhoppers who are using my daughters SSA & VA benefits to sell drugs and hop from club to club."  *Id.*  Plaintiff alleges that "[a] bunch of harlots males, and females" are impersonating him and "manipulating my wife and daughter for my property and monies, including her adopters who had evil intentions to use her for it."  *Id.*  Plaintiff also alleges that governmental entities are "in subornation of impersonation, perjury and committing tortious interference with contracts, as well as a mutual understanding and meeting of the mind between the VA offices, the City of Bellefontaine, [illegible]."  *Id.*

As relief, Plaintiff seeks $500 million along with "Injunctive Relief."  *Id.*  Plaintiff describes the injunctive relief as termination of "all imposters being hired @ the St. Louis VA under my own name," and termination of the "conspiracy between the VA and multiple cities and counties via their inmates, and police officers . . . ."  *Id.*

### Discussion

This Court must screen complaints filed *in forma pauperis*, and must dismiss any action that is frivolous, among other grounds.  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term "frivolous" encompasses "not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including those allegations that are "fantastic" or "delusional."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quoting *Neitzke*, 490 U.S. at 328).  Although "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the [C]ourt finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.*

The Court has thoroughly reviewed and liberally construed the Complaint and finds that it is frivolous. Plaintiff purports to sue the United States, but he presents no viable legal theory and his factual allegations lack any arguable basis in law or in fact and are "clearly baseless." *Neitzke*, 490 U.S. at 327. Plaintiff also includes a prayer for relief that is not grounded in any stated or apparent legal authority. For these reasons, the Court deems the Complaint frivolous and will dismiss this case. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Because the Court is dismissing this case, the Court will deny as moot Plaintiff's motion seeking appointed counsel, ECF 3, and his motion for summary judgment, ECF 5.

For the same reasons the Court deems the Complaint frivolous, the Court is "thoroughly convinced that there is no substantial question for review and that an appeal would be futile." *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court therefore certifies that an appeal from this dismissal would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, ECF 2, is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's motion for leave to pay the filing fee in installments, ECF 6, is **DENIED.** **IT IS FURTHER ORDERED** that Plaintiff's remaining motions, ECF 3, ECF 5, are **DENIED** as moot. **IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered with this Memorandum and Order. **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of May, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

3